(No. 4154

NELL MAE LEUTHOLD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1949.*

IRVING M. GREENFIELD, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Nell Mae Leuthold, 58 years of age, was employed by respondent on July 9, 1948, in the Elgin State Hospital, Elgin, Illinois, under the Department of Public Welfare. Claimant was one of two supervisors

in the laundry department of the institution and was in charge of about seventy patients who did the ironing of clothes by means of steam presses. On the above day, about ten o'clock in the morning, claimant had occasion to inspect and check the operation of a broken press which had just been repaired. She put a cloth on the bottom of the steam press and suddenly the top slammed down. Her arm was caught between the top and bottom half of the press. As the press clamped down it generated steam, burning claimant's left arm. The top half of the press locked in down position and would not raise. Her arm, pinned in the press, had to be pulled out.

Claimant was immediately hospitalized in the General Hospital, a section of the institution dedicated to treatment of acute surgical and medical problems of both patients and employees. She was confined there for five weeks after which she stayed at her home in Elgin, Illinois, where she continued to follow the instructions given her for application of medical dressings. On August 30, when first able to resume her employment, she returned to work.

The upper layer of claimant's skin was destroyed in the area burned. Describing the treatment she received claimant stated that for the first nine days her arm was elevated in a pressure pack to keep the air away from the burn; during this time she was given penicillin. Thereafter she was required to soak her arm in a solution for a half hour each day and keep her arm in wet packs. Although considered, skin grafting was not accomplished. The burned area of her arm, evidenced by reddened skin and scar tissue, extended from a point about three inches below claimant's elbow to the tip of her fingers. In this area the only part of her skin not so affected was the small portion of her wrist which was protected

by a wrist watch. The most pronounced area of scar tissue on the top or back of her hand is characterized by a reddened smooth and glazed surface. Claimant described at night when her hand lies in a certain position her fingers go to sleep. She has difficulty in lifting objects with her left hand. She cannot make a fist or bend her fingers to enable the grip of small objects as in crocheting. She has not the requisite strength to handle heavier objects as a coffee pot. She said the weakness in her hand handicapped her as when shopping for groceries. Upon attempting to make a fist, claimant could not close her fingers further than about $\frac{1}{4}$ to $\frac{1}{2}$ inch from her palm. She cannot oppose her left thumb to the other fingers of her left hand so that in picking up small objects she must use the side of her thumb against the side of her fingers.

Mrs. Leuthold told that since her injury the scar area of her hand becomes chapped and irritated by soap when washing and when handling wet clothes. She has noticed that in the last three months when touching a certain part of her arm near her elbow that she feels an irritation to the end of her fingers and that her fingers get to clenching. She said that during cold weather her hand aches and gets blue requiring her to wear a glove.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act and the accident arose out of and in the course of the employment. Respondent furnished complete surgical, medical, and hospital treatment.

The wages of claimant during the year next preceding the accident were $1,635.00, constituting a weekly wage in excess of $30.00 per week. At the time of the accident, claimant had no children under the age of 16 years and the only question for adjudication is the nature

and extent of the injuries to claimant's left arm resulting from the aforesaid accident. No claim for compensation is made on the grounds of temporary total disability, because a special pay formula was evolved for claimant which, in effect, paid this.

Two doctors testified in the case, one for each side. Their testimony in substance agrees as to the extent of claimant's loss of use of her left arm. It would serve no useful purpose to detail their testimony, which was clear, convincing and uncontradicted. Suffice it to say that on the evidence in the record, claimant has suffered a 50 per cent loss of use of her left arm.

Rothbart & Sewell, Court Reporters, were employed to take and transcribe the testimony before Commissioner Young. Charges in the amount of $83.50 were incurred for such services, which charges are reasonable and customary. An award is therefore entered in favor of Rothbart & Sewell for such amount.

An award is entered in favor of claimant, Nell Mae Leuthold, in the amount of $2,193.75, being at the rate of $19.50 per week for a period of 112½ weeks, to be paid to her as follows:

$1,443.00, which has accrued and is payable forthwith;
750.75, which is payable in weekly installments of $19.50 per week, beginning on the 17th day of December, 1949, for a period of 38 weeks, plus one final payment of $9.75.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payments of compensation awards to State employees."